IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | CRIMINAL ACTION NO. 11-00194-KD |
| | ) | |
| DIANE MARIE PETTWAY, | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER

    This action is before the Court on the defendant Diane Marie Pettway's motion to modify sentence (doc. 253). Pettway moves the Court to modify the sentence imposed on May 15, 2012 (doc. 209) and impose a sentence of home confinement. Pettway also requests that the Court delay her date to self-surrender and schedule an immediate hearing.

    Upon consideration, Pettway's motion to modify sentence is **DENIED**. The Court's authority to modify a sentence of imprisonment once it has been imposed is narrowly limited by statute and rules of criminal procedure. *See United States v. Phillips,* 597 F.3d 1190, 1194-95 (11th Cir. 2010). Specifically, 18 U.S.C. § 3582(c) provides that a court may not modify an imprisonment sentence except where (1) the Bureau of Prisons has filed a motion and either extraordinary and compelling reasons warrant a reduction or the defendant is at least 70 years old and meets certain other requirements; (2) another statute or Rule 35 of the Federal Rules of Criminal Procedure expressly permits modification; or (3) the defendant has been sentenced to a term of imprisonment based on a sentencing range that was subsequently lowered by the Commission and certain other requirements are met.

    As to Rule 35(a), Pettway's motion is untimely because it was submitted approximately 21 months after her sentence was imposed in May 2012. Rule 35(a) permits the court, "[w]ithin 14 days after sentencing," to correct a sentence that resulted from "arithmetical, technical, or clear error." Fed. R. Crim. P. 35(a). Moreover, the Eleventh Circuit has held that the time limit set forth by the Rule is jurisdictional. *See United States v. Diaz-Clark*, 292 F.3d 1310, 1317 (11th

Cir. 2002); *United States v. Phillips*, 597 F. 3d 1190 (11th Cir. 2010). Thus, none of the conditions set forth in 18 U.S.C. § 3582(c) appear to be present.

Upon consideration, Pettway's request that the Court delay her date to self-surrender is **GRANTED** and Pettway shall not report to Coleman FCI on or about February 7, 2013. Accordingly, a **hearing** on the issue of her date to self-surrender shall be held before the undersigned on **February 20, 2013 at 2:00 p.m.** in Courtroom 5A of the United States Courthouse, 113 St. Joseph St., Mobile, Alabama, 36602.[1]

Defendant Pettway shall continue on her current conditions of release.

The Clerk of Court shall provide a copy of this order to the United States Marshal Service.

**DONE** and **ORDERED** this 5th day of February, 2013.

> s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**

---

[1] CJA Panel Attorney Frederick Helmsing, Jr. was appointed to represent Pettway and has filed a notice of appeal on her behalf. Pettway has now retained Richard R. Williams and he has filed a notice of appearance and the instant motion to modify. **Therefore, Pettway should be prepared to address the issue of providing payment for the services of her CJA Panel Attorney as she apparently has the financial means to hire counsel.** See 18 U.S.C. § 3006A(f) (" Receipt of other payments.--Whenever the United States magistrate judge or the court finds that funds are available for payment from or on behalf of a person furnished representation, it may authorize or direct that such funds be paid to the appointed attorney, to the bar association or legal aid agency or community defender organization which provided the appointed attorney, to any person or organization authorized pursuant to subsection (e) to render investigative, expert, or other services, or to the court for deposit in the Treasury as a reimbursement to the appropriation, current at the time of payment, to carry out the provisions of this section. Except as so authorized or directed, no such person or organization may request or accept any payment or promise of payment for representing a defendant.").